IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Lamar Reed, | Case No. 1:06 CV 2306 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Carl Anderson, | |
| Respondent. | |

## BACKGROUND

Petitioner Lamar Reed, a prisoner in state custody, filed a Petition for a Writ of Habeas Corpus (Doc. No. 1) alleging his detention violates the Sixth and Fourteenth Amendments of the U.S. Constitution. This Court has jurisdiction under 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.").

The case was referred to United States Magistrate Judge Vernelis Armstrong for a Report and Recommendation (R&R) pursuant to Local Rule 72.2(b)(2). In her R&R (Doc. No. 9), the Magistrate Judge recommends the Court deny the Petition.

This action is before the Court on Petitioner's Objection (Doc. No. 12). In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate's findings to which Petitioner objects.

**DISCUSSION**

The R&R sets forth the underlying facts of this case (pp. 2-3). In October 2004, after waiving his right to a jury trial, Petitioner was convicted in state court of possessing cocaine in an amount exceeding one thousand grams and of knowingly using or possessing drug paraphernalia. Petitioner filed a notice of appeal in November 2004. The state appellate court affirmed his convictions in September 2005. Petitioner appealed this decision to the Ohio Supreme Court, which reversed and remanded for re-sentencing only. In December 2006, the trial court re-sentenced Petitioner.

Petitioner's conviction was based on cocaine seized from the bedroom of the apartment of Quiana Ross, whose apartment Petitioner visited on numerous occasions to cook cocaine. Petitioner was not present at the time of the search and seizure, but fingerprint evidence and Ross' testimony led to his arrest and conviction.

### I.     Jury Waiver

Petitioner claims his waiver of a jury trial was deficient because he did not knowingly, intelligently and voluntarily waive the right, and because the trial court failed to conduct a meaningful colloquy with Petitioner on the record. The R&R concludes Petitioner's waiver was sufficient in light of his written waiver and the trial court's confirmation of the waiver on the record. In his Objection, Petitioner reiterates his argument that the trial court's inquiry was too terse and limited.

Waiver of the right to a jury trial under the Sixth Amendment must meet four elements:

> Because the right to a jury trial is a fundamental right, there must be no doubt that any waiver of the right is made knowingly, intelligently and voluntarily. *United States v. Martin*, 704 F.2d 267, 272 (6th Cir.1983). Whether there is an "intelligent, competent, self-protecting waiver of jury trial by an accused must depend on the unique circumstances of each case." *Id.* In *Martin*, we held that a defendant may waive a jury trial if (1) the waiver is in writing, (2) the government attorney consents to the waiver, (3) the trial court consents to the waiver and (4) the defendant's waiver is voluntary, knowing and intelligent. For a waiver to be voluntary, knowing and intelligent, the

2

> defendant must possess a minimum amount of knowledge concerning his jury trial right and the mental capacity to understand the implications of waiver of that right. A defendant is deemed to be "sufficiently informed to make an intelligent waiver if he is aware that a jury is composed of 12 members of the community, [knows] he may participate in the selection of jurors [and that] the verdict of the jury must be unanimous, and that the judge alone will decide guilt or innocence should he waive his jury trial right." *Id.* at 273. "[T]echnical knowledge" of the jury trial right is not required for waiver to be effective. *Id.*

*Spytma v. Howes*, 313 F.3d 363, 370 (6th Cir. 2002).

Petitioner bears the burden of establishing the waiver accepted at trial was insufficient. *Sowell v. Bradshaw*, 372 F.3d 821, 832 (6th Cir. 2004) ("[T]he burden of demonstrating that a waiver of jury trial was not valid lies with the defendant who waived it."). Under *Spytma*, 313 F.3d at 371, colloquy on the record is not required to establish a voluntary, knowing and intelligent waiver of the right to a jury trial, which appears to be the only disputed element. *See also United States v. Martin*, 704 F2d 267, 273 (6th Cir. 1983) (holding on-record colloquy to confirm voluntariness of waiver prudent but not constitutionally required). Therefore, the trial court's failure to conduct a colloquy beyond confirming the written waiver is not *per se* deficient under the Constitution.

Furthermore, compliance with the writing requirement contained in Federal Criminal Rule 23(a) ("If the defendant is entitled to a jury trial, the trial must be by jury unless . . . the defendant waives a jury trial in writing.") creates a presumption the waiver is voluntary, knowing and intelligent. *Spytma*, 313 F.3d at 371. Petitioner does not attack the validity of the written waiver itself nor claim it was involuntary. Finally, this Court must "give a high measure of deference to the state court's findings concerning the jury waiver." *Id.* at 371.

The trial court accepted the waiver, and the state appellate court found the waiver procedurally sound (Doc. No. 7, Ex. 11 at p. 4). Petitioner points to no evidence requiring this Court to depart from that finding. An extensive colloquy on the record is not constitutionally required, as described above.

3

In his Objection, Petitioner claims the finding of this waiver cannot be made from a "silent record." To the contrary, this Court relies on the record of the written waiver and verbal exchange in the trial court and the state appellate court's confirmation of the details of the waiver. The record is adequate.

Petitioner cites cases involving waivers of other rights for the proposition that failing to hold a colloquy resulted in a constitutional violation, but those cases do not control this situation. He also cites *Patton v. United States*, 281 U.S. 296, 312-13 (1930) which describes the voluntary, knowing and intelligent waiver requirement. However, this case does not stand for the proposition that a colloquy on the record is required.

There is no basis on which to grant the Writ on this issue because Petitioner offers no evidence to meet his burden.[1]

### II.  Admission of Improper Opinion Testimony

Petitioner claims his right to a fair trial under the Sixth and Fourteenth Amendments was violated when Lt. Rohner, the investigating detective, testified "concerning the guilt of the petitioner" (Doc. No. 1 at p. 3). Respondent argues this claim does not survive harmless error review in light of the other evidence supporting Petitioner's conviction.

Even assuming Lt. Rohner's testimony that Quiana Ross was not a "major drug offender" was inadmissible, Petitioner must still overcome the harmless error rule.

---

[1] Although the validity of the waiver under Ohio law is not a question of federal law properly before the Court on habeas review, Ohio law also does not require a colloquy and is substantially similar to Sixth Circuit case law on the issue of jury waivers. *See State v. Jells*, 53 Ohio St. 3d 22, 25 (1990) ("There is no requirement in Ohio for the trial court to interrogate a defendant in order to determine whether he or she is fully apprised of the right to a jury trial. The Criminal Rules and the Revised Code are satisfied by a written waiver, signed by the defendant, filed with the court, and made in open court, after arraignment and opportunity to consult with counsel."). Thus, the state appellate court did not err in finding the waiver procedurally sound under state law or the Constitution.

On federal habeas review of a state law evidentiary ruling, the Court conducts a harmless error analysis. Petitioner must show the error "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750 (1946)). Contrary to Petitioner's assertion, the Court need not consider whether the error was harmless beyond a reasonable doubt, as *Brecht* overruled *Chapman v. California*, 368 U.S. 18 (1967) on this point. This standard applies even if the federal habeas court is the first court to engage in harmless error analysis. *Gilliam v. Mitchell*, 179 F.3d 990, 995 (6th Cir. 1999).

The R&R cites the other evidence supporting Petitioner's conviction to demonstrate Lt. Rohner's testimony was corroborated: (1) Detective Watkins found four baggies of crack cocaine in Ross' mattress and a scale underneath the kitchen cabinets; (2) a large amount of cocaine was found in the kitchen cabinet; (3) latent fingerprints belonging to both Ross and Petitioner were found on the scale; and (4) Petitioner stated on tape he cooked crack cocaine in Ross' apartment and dealt some marijuana and powder (but denied dealing the crack cocaine found in Ross' apartment). The Magistrate concluded in light of this corroborating evidence that the testimony relating to Petitioner's guilt did not adversely affect the verdict (R&R at pp. 8-9).

The Court agrees with the reasoning set forth in the R&R. The various pieces of evidence apart from Lt. Rohner's testimony sufficiently support the conviction, rendering any error with respect to his testimony harmless. The Court notes Lt. Rohner did not testify about Petitioner's guilt, as the Objection suggests, but instead rendered his opinion on the role of Ross. While the two concepts are related, they are distinct. The testimony is fundamentally different from the offending testimony in *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988), where an officer's opinion that defendant was

5

guilty created reversible error. Here, Petitioner fails to show substantial and injurious effect on the verdict. Any evidentiary error was harmless.

### III. Admission of Laboratory Report

Petitioner claims he was denied his right to confrontation and cross-examination under the Sixth and Fourteenth Amendments when the trial court admitted into evidence the drug analysis report prepared by the Bureau of Criminal Investigation (BCI). However, Petitioner procedurally defaulted on this claim by failing to object at trial. The following standard applies:

> [W]e engage in a four-part inquiry, asking whether: (1) a state procedural rule exists that applies to the petitioner's claim, (2) the petitioner failed to comply with the rule, (3) the state court actually applied the state rule in rejecting the petitioner's claim, and (4) the state procedural rule is an adequate and independent ground upon which the state can rely to deny relief. Furthermore, a procedural default does not bar consideration of a federal claim on habeas corpus review unless the last state court rendering a reasoned opinion in the case clearly and expressly states that its judgment rests on a state procedural bar.

*Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (internal quotation marks omitted) (citations omitted).

A petitioner may overcome procedural default by showing cause for the failure to comply with the state procedural rule and prejudice resulting from the alleged constitutional violation. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998).

The R&R concludes Petitioner procedurally defaulted on his Sixth and Fourteenth Amendment claims relating to this evidence because he did not object to the admission of testimony at trial and the state appellate court enforced this procedural bar. Ohio's contemporaneous objection rule is an adequate and independent ground for denying relief. *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000); *see also Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000) ("Controlling precedent in our circuit indicates that plain error review does not constitute a waiver of state procedural default rules."). Even

6

though the state appellate court conducted a plain error review relating to this evidence as an alternative basis for denying relief, under *Seymour*, the procedural default was not waived.

Petitioner does not claim he objected to the BCI report at trial or on appeal. Instead, he argues, both in his Traverse (Doc. No. 8) and Objection (Doc. No. 12), that his default is excused because his trial attorney's failure to object constituted ineffective assistance of counsel. The R&R correctly concludes this claim of ineffective assistance was **itself** defaulted because Petitioner raises it for the first time before this Court (p. 10). When a habeas petitioner asserts ineffective assistance of counsel to excuse procedurally defaulting a claim, he or she must show the ineffective assistance claim was properly exhausted in the state courts:

> [I]neffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim. And we held in *Carrier* that the principles of comity and federalism that underlie our longstanding exhaustion doctrine-then as now codified in the federal habeas statute, see 28 U.S.C. §§ 2254(b), (c)-require *that* constitutional claim, like others, to be first raised in state court. "[A] claim of ineffective assistance," we said, generally must "be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default."

*Edwards v. Carpenter*, 529 U.S. 446, 451-452 (2000) (quoting *Murray v. Carrier*, 477 U.S. 478 (1986)).

A claim never raised in state court is procedurally defaulted. The four-part inquiry the Court applies to the underlying claim is unnecessary when a claim is not presented to any state court. *See Teague v. Lane*, 489 U.S. 288, 297-98 (1989) (plurality opinion) ("The rule announced in *Harris v. Reed*" requiring a plain statement by the state court that its decision rests on procedural grounds "assumes that a state court has had the opportunity to address a claim that is later raised in a federal habeas proceeding."); *Wong*, 142 F.3d at 322.

7

Petitioner did not assert his ineffective assistance of trial counsel claim in any state proceeding and indeed raises it for the first time in his Traverse. He did not raise the argument in either his state court appeals to the appellate court (Doc. No. 7, Ex. 9(a)) or the Ohio Supreme Court (Doc. No. 7, Ex. 14). He presents no record of having moved to re-open the judgment or otherwise seek relief on this ground in state court. Petitioner offers no cause for **this** default. Therefore, he has procedurally defaulted on the ineffective assistance ground that he attempts to use to excuse his default on the Confrontation Clause and Due Process claim. The Court cannot reach the merits of his underlying claim.

### IV.     Admission of Witness Testimony

Petitioner claims his right to due process under the Fourteenth Amendment was violated when Quiana Ross, whose apartment housed the drugs seized in this case, offered her opinion that the drugs belonged to Petitioner. Respondent argues: (1) this testimony was admissible; and (2) even if inadmissible, its admission does not constitute a cognizable federal habeas claim because it is purely a matter of state evidentiary law. The R&R concludes this issue was purely a matter of state evidentiary law and not cognizable for federal habeas review. Petitioner objects, essentially rehashing the argument he presented to the Magistrate.

Under Ohio Evidence Rule 602, "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." A statement offered without personal knowledge is inadmissible. Petitioner points to the following testimony by Ross as inadmissible opinion.

> Q.     But a few moments ago you said you had a bad feeling about that. Why did you have a bad feeling?
> A.     Because I knew what he was going to do.

8

    Mr. Ortner:    Objection, Judge. It's just a feeling.

    The Court:    Overruled.

    Q.    How did you know what he was going to do?
    A.    Because he paid me.

    Q.    He paid you. How much did he give you?
    A.    $20.

    Q.    And did that seem right to you?
    A.    No, but I still took it."

(Doc. No. 7, Ex. 9 at pp. 42-43).

This testimony may appear to constitute opinion not based on personal knowledge when the "bad feeling" statement is considered in isolation. However, as the testimony continued, Ross provided additional facts based on personal knowledge to support her statement that she was suspicious of Petitioner's activity or had a "bad feeling." Her observations based on personal knowledge provided facts allowing an inference that Petitioner was using her apartment to cook cocaine the day before police searched the apartment. The trial court did not merely rely on an unfounded suspicion to convict Petitioner of possession of the drugs.

Federal habeas relief generally cannot arise from "errors in the application of state law, especially rulings regarding the admission or exclusion of evidence." *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (quoting *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988)). "Generally, state-court evidentiary rulings cannot rise to the level of due process violations unless they offend some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Id.* (internal quotation marks omitted). As the Court discussed in reviewing Lt. Rohner's testimony, the harmless error rule applies.

Thus, even if the testimony was erroneously admitted, Petitioner does not present a cognizable federal habeas claim. The sole authority Petitioner cites for the proposition that Ross' testimony deprived him of a fair trial is not squarely on point. In *United States v. Lanci*, 669 F.2d 391 (6th Cir. 1982), defendants directly appealed their conspiracy and bribery convictions. Defendant Lanci claimed he was denied a fair trial because the district court excluded a co-defendant's statement from a separate proceeding. In that statement, the co-defendant speculated that Lanci's fingerprints were on a particular document because he was curious about it, despite the witness' lack of personal knowledge whether Lanci read or even glanced at the document. The district court excluded the hearsay statement because it was uncertain and lacked foundation. *Id.* at 394-95. This holding does not support Petitioner's argument that admission of Ross' testimony denied him a fair trial and has no bearing on the availability and extent of habeas relief for state law evidentiary rulings. Ross' testimony was not unfounded speculation.

Nor does Petitioner demonstrate that the admission of the "bad feeling" statement offended "some principle of justice so rooted in the traditions and conscience of our people." The statement was supported by specific facts based upon personal knowledge and observation. In no way did this statement constitute an unfounded personal opinion of Petitioner's guilt. Even if the admission of the evidence was erroneous, Petitioner does not demonstrate that it "had substantial and injurious effect or influence in determining" the court's verdict. Any error was harmless.

### V.  Sufficiency and Manifest Weight of the Evidence

Finally, Petitioner claims his conviction violates due process because it was not supported by sufficient evidence. Specifically, he claims the Record does not support a finding beyond a reasonable doubt that he possessed the cocaine seized from Ross' apartment. The R&R correctly

concludes that Petitioner's manifest weight of evidence claim is not cognizable in federal habeas review. *Young v. Kemp*, 760 F.2d 1097, 1105; *Cameron v. Birkett*, 348 F. Supp. 2d 825, 838 (E.D. Mich. 2004). However, as conceded in the Return (at p. 20), Petitioner also raised a sufficiency claim in state court. A claim that the conviction was not supported by sufficient evidence is a proper basis for federal habeas review.

The Due Process Clause of the Fourteenth Amendment requires that every element of the crime be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364 (1970). The Sixth Circuit has established the following standard of review for federal habeas courts considering sufficiency arguments:

> The constitutional standard for reviewing the sufficiency of the evidence was established in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Justice Stewart held that the "relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. at 319, 99 S.Ct. at 2789. The standard is not whether the evidence is sufficient to convince the habeas court of the petitioner's guilt beyond a reasonable doubt. Nor does that standard require the prosecution to rule out every hypothesis except that of guilt beyond a reasonable doubt. *Id.* at 326, 99 S.Ct. at 2793. The *Jackson* standard is to be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* at 324 n. 16, 99 S.Ct. at 2792 n. 16.

*Scott v. Perini*, 662 F.2d 428, 431-32 (6th Cir. 1981).

Under this standard, the Court must determine the elements of the crime and ask whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." It is not necessary to rule out every hypothesis or inference that would have supported a not guilty verdict.

Petitioner was convicted of possession of cocaine in violation of Ohio Revised Code § 2925.11(A), which provides: "No person shall knowingly obtain, possess, or use a controlled

11

substance." Section 2901.21(D)(1) defines possession: "Possession is a voluntary act if the possessor knowingly procured or received the thing possessed, or was aware of the possessor's control of the thing possessed for a sufficient time to have ended possession." "Possession" is further defined as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." Ohio Revised Code § 2925.01(K).

As the state appellate court observed in its analysis of the manifest weight of evidence claim, ample evidence supports the inference that Petitioner knowingly possessed the drugs in question. First, detectives seized drugs and a scale for weighing drugs bearing Petitioner's fingerprints. Second, Ross testified Petitioner visited her apartment nearly daily during the summer of 2002 and sometimes cooked cocaine there. She also testified Petitioner was with her in the apartment the day before the search and seizure that led to this case, and observed him cooking "dope" there. Furthermore, Ross testified Petitioner used her apartment that day and paid her $20 while Ross spent part of the day with a next-door neighbor. Third, the prosecution submitted tape recordings to the trial court in which Petitioner admitted to Lt. Rohner that he cooked cocaine and owned a scale found in the Ross apartment.

This evidence is largely circumstantial but supports a rational trier of fact in finding beyond a reasonable doubt that Petitioner had "control over" the drugs seized in the apartment. The evidence before the trial court amounted to more than an inference "solely from mere access to the thing or substance through ownership or occupation of the premises." The physical evidence and personal observations of Ross support the inference of possession required to sustain the conviction. Petitioner cites several cases addressing sufficiency of evidence in possessory crimes, largely firearms

12

prosecutions. None of those cases present circumstances similar to the instant case. The direct and circumstantial evidence in this case rises well above the level of mere ownership or occupancy of premises and extends to eyewitness testimony and fingerprint evidence. This Court cannot judge witness credibility or weight evidence. The inference of guilt beyond a reasonable doubt was permissible on this evidence, and any alternative hypothesis of innocence is not relevant in a sufficiency review.

## CONCLUSION

After conducting a *de novo* review of the portions of the Report and Recommendation objected to by Petitioner, the Magistrate's Report and Recommendation is hereby adopted. The Petition (Doc. No. 1) is dismissed.

For the reasons set forth above, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Federal Appellate Rule 22(b).

IT IS SO ORDERED.

       s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

June 20, 2008